1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                     AT SEATTLE

8   IOSIF TAMAS,
9              Plaintiff,
                                                Case No. C06-1036RSL
10       v.
                                                ORDER TO SHOW CAUSE
11  CITY OF WOODINVILLE, *et al.*,
12             Defendants.
13
14
15       This matter comes before the Court *sua sponte*. Plaintiff Iosif Tamas, who is
16  proceeding *pro se*, has filed his complaint against the "City of Woodinville (Police
17  Department);" King County District Court, Northeast Division Redmond; Judge David
18  Stiner [sic]; and prosecutors Sarah Roberts and Lynn Moberly. Plaintiff has had at least
19  two prior complaints dismissed in this district as frivolous. Tamas v. King County
20  Superior Court, C05-391JLR (W.D. Wash. 2005); Tamas v. Gaddis, C03-2530C (W.D.
21  Wash. 2003). The court has also dismissed some of his prior cases for failure to state a
22  claim for which relief may be granted. Tamas v. City of Seattle Law Dep't, C02-157C
23  (W.D. Wash. 2002); Tamas v. First Am. Title Co., C02-2066P (W.D. Wash. 2002).
24       Plaintiff's complaint in this case, asserting claims under 42 U.S.C. § 1983, is
25
26  ORDER TO SHOW CAUSE - 1

deficient. First, defendants Judge David Stiner [sic] and prosecutors Sarah Roberts and Lynn Moberly are entitled to immunity from suit. <u>See, e.g.</u>, <u>Kalina v. Fletcher</u>, 518 U.S. 118, 125-26 (1997); <u>see also</u> <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986) (explaining that judges are "absolutely immune" from damage liability for acts performed in their official capacities). Second, plaintiff has failed to state a claim against the City of Woodinville Police Department and King County District Court. The acts of a subordinate employee are generally insufficient to create municipal liability under Section 1983. <u>See</u> <u>Pembauer v. City of Cincinnati</u>, 475 U.S. 469, 481 (1986). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978). Allegations of random acts, or single instances of misconduct are insufficient to establish a municipal custom. <u>See</u> <u>Navarro v. Block</u>, 72 F.3d 712, 714 (9th Cir. 1996). If plaintiff intends to assert claims against the municipal defendants based on the acts of subordinate employees, he must state whether those employees' actions were pursuant to an official policy or custom.

Accordingly, plaintiff is ordered to SHOW CAUSE, within thirty days of the date of this order, why his complaint should not be dismissed for failure to state a claim for which relief can be granted. Plaintiff must file an amended complaint within thirty days of the date of this order. Otherwise, his complaint will be dismissed. The amended complaint, if filed, will supercede the original complaint. The Clerk of the Court is

ORDER TO SHOW CAUSE - 2

1 directed to place this order to show cause on the Court's calendar for September 8, 2006.

     DATED this 2nd day of August, 2006.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3